K & L MANAGEMENT ASSOCIATES, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
K & L Management Associates, Inc. v. Commissioner
Docket No. 10196-77.
United States Tax Court
T.C. Memo 1978-314; 1978 Tax Ct. Memo LEXIS 198; 37 T.C.M. (CCH) 1315; T.C.M. (RIA) 78314; August 14, 1978, Filed Quentin L. Breen, for the petitioner. James M. Kamman, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to taxes as follows: Additions to Tax TYE
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
June 30, 1972
$ 10,898
$ 2,725 $ 545
June 30, 1973
11,681
2,336
603
*199 This matter is before us on respondent's motion to dismiss for lack of jurisdiction, on the ground that the petition herein was not filed within the period prescribed by law. [2] The issue is whether the notice of deficiency sent to petitioner is valid. FINDINGS OF FACT Petitioner is a corporation which maintained its principal office in San Francisco, Ca., at the time of filing its petition herein. Petitioner filed its 1972 and 1973 Federal income tax returns with the Fresno Service Center, Fresno, Ca.
On its 1972 and 1973 income tax returns, petitioner showed its address as "273 Filbert Street, San Francisco, California 94133" (Filbert Street address). From March 1976 continuing through December 1977, respondent's agent, Eugene Chu, participated in an audit of petitioner's 1972 and 1973 Federal income tax returns. [3] As a result of the audit, respondent, on July 14, 1976, sent by certified mail a notice of deficiency *200 to petitioner at the Filbert Street address. After several delivery attempts at this address, the notice was returned unclaimed. At the time the notice of deficiency was mailed, the only address of petitioner known to Agent Chu and respondent was the Filbert Street address. Petitioner subsequently filed its petition with this Court on October 4, 1977, approximately 440 days after the notice had been mailed. At the close of the hearing, the parties agreed that between September 1974 and July 1976 petitioner changed its address three times. In addition, petitioner conceded that it did not notify the respondent in writing of its change in address. OPINION Section 6213(a) generally provides that a taxpayer has 90 days after the mailing of a notice of deficiency within which to file a petition with this Court. If the *201 petition is not timely filed, this Court is without jurisdiction to redetermine any deficiencies. ; . [4] Under section 6212(b)(1) the Commissioner is authorized to mail the deficiency notice "to the taxpayer at his last known address." [5]
*202 In the present case, petitioner filed its petition with this Court approximately 440 days after the notice of deficiency was mailed by respondent. Unless petitioner can show that the deficiency notice was invalid, we must grant respondent's motion to dismiss for lack of jurisdiction. In this connection, the point of dispute is whether the notice of deficiency was sent to petitioner's "last known address." Apparently, petitioner's position is that as a result of the audit, respondent's agent Chu had actual notice that petitioner's address had changed. Specifically, petitioner contends that Agent Chu knew of Quentin Breen's whereabouts and therefore was put on notice that the Filbert Street address was not its last known address. Respondent's position is that he is entitled to treat the address on petitioner's 1972 and 1973 returns as its last known address since he was not notified of a change in address by petitioner subsequent to the filing of the 1972 and 1973 returns.Thus, the notice was valid and because petitioner failed to file its petition prior to the expiration of the 90-day period, this Court lacks jurisdiction over the case. For the reasons set forth below, we *203 agree with respondent. It is well established that the burden is on the taxpayer to keep the Commissionr informed as to his proper address. , affd. per order (9th Cir., Jan 12, 1976); . Furthermore, the Commissionr is entitled to treat the address appearing on the taxpayer's return as the last known address in the absence of clear and concise notification from the taxpayer directing the Commissioner to use a different address. ; ;. However, it is also true that the Commissioner is bound to regard as the taxpayer's last known address, an address which replaces that used on the return and of which his agents acquire actual knowledge. ; ;, *204 affd. , cert. denied . Here, the evidence presented by petitioner falls short of establishing that the respondent's agent acquired such knowledge. Beginning in March 1976, Chu participated in an audit of petitioner. During the course of his work, he discovered that Breen was an officer of the petitioner.However, between March 1976 and the date the deficiency notice was mailed, July 14, 1976, Chu did not contact Breen, or otherwise communicate with him, nor did he know of Breen's whereabouts. Thus, Chu did not, as petitioner contends, learn of petitioner's new address from Breen. Finally, the record indicates that the only address of petitioner known to Chu and respondent was the Filbert Street address. [6]
In light of the above, we find no support in the record for petitioner's contention that respondent had actual knowledge of petitioner's new address. Therefore, it is our opinion that the last known address of petitioner was the Filbert Street address and the notice *205 of deficiency mailed to petitioner at this address was valid. Since petitioner did not file its petition within 90 days of the date of such mailing, this Court has no jurisdiction over the case. Consequently, respondent's motion to dismiss will be granted. An appropriate order will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, and in force during the years in issue.↩
2. Testimony was heard and exhibits were received in evidence at a hearing held in San Francisco, Ca. on June 5, 1978.↩
3. During the course of the audit, respondent's agent Chu learned that Quentin L. Breen was an officer of petitioner.In his capacity as vice-president of petitioner, Breen had signed the 1972 return. However, between March 1976 and the date the deficiency notice was mailed, July 14, 1976, Chu did not contact Breen, nor did he know of Breen's whereabouts.↩
4. However, these cases do not preclude the Court from first determining whether the notice of deficiency is valid where an untimely but otherwise valid petition raising this issue has been filed with the Court. . ↩
5. Sec. 6212(b)(1) provides as follows: (b) Address for Notice of Deficiency.-- (1) Income and gift taxes and taxes imposed by chapter 42.--In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, or chapter 42, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.↩
6. During the period through July 14, 1976, respondent's audit files showed petitioner's address as the Filbert Street address.↩